In the Matter of the Construction of the Will of Louis F. GEISSLER, Deceased.

Surrogate's Court, Suffolk County, September 23, 1954.

*Davis Polk Wardwell Sunderland & Kiendl* for Ida G. S. Geissler and another, as executors of Louis F. Geissler, deceased, petitioners.

Hazleton, S. In this construction proceeding the court is requested to construe the will of decedent so as to permit the widow to discontinue the use of part of the premises referred to under article IV of the will and authorize the executors to convey such part in accordance with a contract of sale which is annexed to the petition.

Decedent died in 1936. Article IV of his will in part provides: "I hereby give, devise and bequeath to her for her use during her lifetime or until her remarriage my premises and property * * *. Should my wife wish at any time to discontinue the use of such premises the said property, real and personal, shall be sold as a whole or in subdivisions at such time or times and upon such terms and conditions, as my wife and the executors at any such time hereunder shall agree."

Subsequent to the execution of his will in 1930, decedent purchased a tract of land adjacent to that already owned by him, and by decree of this court it was provided that all of such additional land was included in the devise under article IV of the will.

The widow wishes to discontinue the use of part of the total premises, to wit, the easterly 100 acres which includes, in part, land owned by decedent when he executed his will and land thereafter acquired, and to have same sold and the proceeds disposed of in accordance with the provisions of the will. As shown by the survey attached to the contract of sale, the sale would leave the widow with the use of some 104 acres in the center of which is the residence.

It might be argued that the widow has the right to discontinue the use of " such premises " meaning the entire premises and therefore she cannot discontinue the use of part and thus enable the executors to fulfill the proposed contract of sale.

Such an interpretation, however, would appear to run contrary to the testator's intent which, as shown by the will, was to protect his widow and give her free use of the family residence. It is decedent's widow who wishes to discontinue the use of part of the premises. It is decedent's widow who will benefit by receiving income from one third of the proceeds of the sale while at the same time retaining the use of the family home. The remaining beneficiaries under the will also benefit since the property to be sold is vacant, unproductive property.

Petitioners in their memorandum, admit they have found no case which poses a similar question. Neither have I. Nevertheless it is clear to me that the language of article IV does not

direct that in the event the widow wishes to sell part of the premises she must decide to discontinue the use of the entire premises before she can sell any part of it. To hold contrary would constitute a needlessly parochial construction of the context. The language under consideration clearly empowers sale of the premises " as a whole or in subdivisions " — " should my wife wish at any time to discontinue the use of such premises." True, it is that had the draftsman written " to discontinue the use of all or any part of such premises " then this construction proceeding would not be necessary. Be that as it may, what we are now concerned with is what was the intention of decedent when he executed his will.

The meaning of this will, however, is to be determined by the testator's intent as shown by the whole instrument and strict language in one portion of the will must give way for the purpose of arriving at the testator's meaning based upon a perusal of the whole document. (*Roe* v. *Vingut,* 117 N. Y. 204, 212.) Viewed from all its four corners, the will shows clearly that the widow is a principal object of the testator's bounty and accordingly the testament should be liberally construed for her benefit. (*Moffett* v. *Elmendorf,* 152 N. Y. 475, 487.)

Since it was a dominant, and primary purpose of the testator to provide for his widow's well-being such dominant purpose should be carried out regardless of uncertainty, obscurity or ambiguity of language. (1 Davids on New York Law of Wills, § 460.)

Under these well-settled canons of construction it seems sensible that the relief here requested, even though the language is somewhat ambiguous, is entirely appropriate. The proposed contract of sale impresses me as being a sound transaction that reduces taxes and turns unnecessary and unproductive land into a profit for the estate and all concerned.

I, therefore, construe the language of the will under consideration as permitting discontinuance of the use of part of the premises and authorizing the executors to convey the same. I further grant the prayer of petitioners in its entirety.

Submit decree accordingly.